[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER AND MEMORANDUM OF DECISION
The plaintiff, a professor of chemistry, has brought an action against her employer, Trinity College, alleging that she was denied tenure and wrongfully terminated in violation of her employment contract and federal and state statutes prohibiting age and sex discrimination. Presently before the court are the defendant's motion to disqualify the plaintiff's counsel on the ground that the plaintiff's counsel violated Rule 4.2[1] of the Connecticut Rules of Professional Conduct, the defendant's motion for a protective order regarding a deposition noticed by the plaintiff, the plaintiff's motion for a protective order seeking to prohibit the defendant from directing certain faculty members not to speak with the plaintiff's counsel, and the parties' respective motions for attorneys' fees and costs.
The defendant argues that because faculty members of a college are "persons having a managerial responsibility,"[2]
Rule 4.2 is applicable and was violated when the plaintiff's counsel contacted Dr. David Henderson and Dr. Henry DePhillips, faculty members of the Chemistry Department at Trinity College, without notice to or the consent of the defendant's counsel. The plaintiff argues that Dr. Henderson and Dr. DePhillips, both of whom supported the plaintiff's candidacy for tenure, are expected CT Page 12860 to be called at trial as witnesses for the plaintiff, and as such the plaintiff has a right to confidentially interview and prepare her witnesses. The plaintiff urges that the balancing test and guidelines articulated in Morrison v. Brandeis University,125 F.R.D. 14 (D. Mass. 1989), be adopted by this court.
The plaintiff in Morrison v. Brandeis University, supra,125 F.R.D. 14, brought suit against a university, claiming that its decision to deny her tenure was based on sex, religion, and ancestry in violation of federal and state antidiscrimination laws. The plaintiff brought a motion seeking authorization from the court to interview faculty and administrators who were involved in the tenure process but not named as individual defendants. The defendant university opposed the motion, arguing that ex parte contact with such faculty would violate the ethics rule prohibiting communication with parties known to be represented by counsel.
In granting the plaintiff's motion for authorization to interview the faculty members, the court adopted a case-by-case balancing test and found that the plaintiff's counsel's need to obtain information from these persons who participated in the tenure process was substantial and thus outweighed the defendant's need to ensure effective representation. The court explained: "Many, if not all, of the persons sought to be interviewed will have evidence favorable to the plaintiff in that they were in favor of granting tenure to the plaintiff. They will most likely be called as witnesses by the plaintiff at trial. Unless plaintiff's counsel is authorized to contact these witnesses without notice to [defendant's] counsel, she will be in a position of not being able to even talk to her witnesses prior to a deposition or trial without [defendant's] counsel being present. Unless authorization is granted, two important functions which counsel traditionally play in litigation would be precluded. The first is the function of interviewing witnesses without the presence of opposing counsel in order to gain information. . . The second is the function of preparing witnesses favorable to a client before testimony at a deposition or at trial without the presence of opposing counsel. In short, without authorization, plaintiff's counsel's ability to prepare her case in the traditional manner is substantially circumscribed." Morrison v. Brandeis University, supra,125 F.R.D. 19.
The facts of Morrison v. Brandeis University, supra, 125 CT Page 12861 F.R.D. 14, are strikingly similar to the facts in the present case. Drs. Henderson and DePhillips are not named as individual defendants, and the information they possess as a result of taking part in the tenure process as well as the fact they both have consistently supported the plaintiff's candidacy for tenure render them important fact witnesses for the plaintiff at trial. Although it would have been preferable for the plaintiff's counsel to seek authorization from the court prior to contacting Dr. Henderson and Dr. DePhillips, it does not appear from the record that the defendant has been prejudiced in any significant way by the plaintiff's failure to do so. Further, there is no indication that either Dr. Henderson or Dr. DePhillips has been involved in developing or been made privy to information concerning trial strategy. Nor does the defendant claim that information disclosed by Dr. Henderson as a result of the plaintiff's counsel's contact is subject to the attorney-client privilege.
The defendant cites MMR/Wallace Power Industrial Inc. v.Thames Associates, 764 F. Sup. 712 (D. Conn. 1991), in support of its motion to disqualify the plaintiff's counsel. However, this court finds that case easily distinguished. In that case, defense counsel's conduct in contacting a former employee of the plaintiff, who was also a member of the plaintiff's litigation team, to obtain confidential and privileged information about the opposing party's litigation strategy threatened to affect the integrity of the pending litigation and thus clearly violated the policy underlying Rule 4.2.
"The purpose of [Rule 4.2] is to preserve the integrity of the lawyer-client relationship by protecting the represented party from the superior knowledge and skill of the opposing lawyer. The rule is designed to prevent situations in which a represented party may be taken advantage of by opposing counsel."Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 236,578 A.2d 1075 (1990). Under the circumstances of this case, allowing the plaintiff's counsel to interview Dr. Henderson and Dr. DePhillips does not undermine the purpose of Rule 4.2. These individuals are important fact witnesses for the plaintiff, notwithstanding their technical status as "persons having a managerial responsibility" within the meaning of Rule 4.2; and plaintiff should have the right to interview them in preparation for trial.
This court decides, therefore, that the plaintiff's attorney CT Page 12862 may conduct interviews of Drs. Henderson and DePhillips without prior notice to or consent from Trinity's counsel. However, the following guidelines shall apply:[3]
(1) When the plaintiff's counsel contacts Dr. Henderson and Dr. DePhillips, counsel shall immediately disclose, if counsel has not already done so, its capacity as counsel for the plaintiff in this matter and the purpose of the contact, i.e. to request an interview for the purpose of trial preparation.
(2) Whether or not to grant the request for an interview is completely up to Dr. Henderson and Dr. DePhillips, and the decision of each shall be respected.
(3) Any request by Dr. Henderson or Dr. DePhillips that the interview take place only in the presence of his personal counsel and/or the presence of Trinity's counsel shall be honored.
(4) Trinity shall advise Dr. Henderson and Dr. DePhillips that they may, if they wish, agree to be interviewed by the plaintiff's counsel to discuss matters which relate to this case and that no disciplinary or other adverse action will be taken by Trinity against them for consenting to an interview or for anything they say during the course of an interview. Trinity may advise Dr. Henderson and Dr. DePhillips that they are free to refuse to consent to an interview by the plaintiff's counsel if they wish, and, if they wish, they may consent to be interviewed only in the presence of Trinity's counsel. Trinity shall, however, make it clear these decisions are for Dr. Henderson and Dr. DePhillips to make and that Trinity takes no position one way or the other on the decisions they make on these issues.
5) Dr. Henderson and Dr. DePhillips shall be informed by counsel of the existence of this order and memorandum and offered a copy for their review.
 CONCLUSION
The defendant's motion to disqualify the plaintiff's counsel is denied. The plaintiff's motion for a protective order to the extent it seeks to prohibit the defendant from directing Dr. Henderson and DePhillips from speaking with the plaintiff's counsel is granted subject to the guidelines set by the court.[4] The plaintiff's and the defendant's respective motions for attorneys' fees and costs are denied. CT Page 12863
Peck, J.